IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY EPPS, | ) | No. C 08-02731 CW (PR) |
|       Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS PETITION |
|   v. | ) ) | |
| MIKE EVANS, Warden, | ) | (Docket no. 6) |
|       Respondent. | ) ) | |

## INTRODUCTION

Petitioner Timothy Epps, a state prisoner incarcerated at Salinas Valley State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the writ should not be granted. Respondent filed a motion to dismiss for untimeliness. Petitioner filed an opposition, and Respondent filed a reply. Having considered the papers submitted, the Court GRANTS Respondent's motion to dismiss.

## PROCEDURAL BACKGROUND

In 2001, Petitioner was convicted by an Alameda County jury of seventeen counts of criminal conduct relating to a violent home invasion robbery in Piedmont, a grand theft in San Leandro, and a string of robberies at Oakland businesses. He was sentenced to state prison for ninety-three years to life. He filed an appeal in the California Court of Appeal. On July 25, 2003, the appellate court rejected most of Petitioner's claims, but found that the trial court had erred in two respects. First, the trial court had

not properly evaluated Petitioner's objection to the prosecutor's alleged discriminatory exercise of peremptory challenges during jury voir dire, in violation of People v. Wheeler, 22 Cal. 3d 258 (1978), and Batson v. Kentucky, 476 U.S. 79 (1986). Second, the trial court had incorrectly sentenced Petitioner to ninety-three years to life in prison, when the correct sentence should have been eighty-six years to life. The appellate court remanded the matter to the Alameda County Superior Court for reconsideration of the peremptory challenge objection and correction of the sentencing errors. The superior court found that the prosecutor had not exercised peremptory challenges in a discriminatory manner. The superior court also reduced Petitioner's prison sentence from ninety-three years to life to eighty-six years to life. The appellate court affirmed the judgment, as modified, on October 19, 2005.

Petitioner filed a petition for review in the California Supreme Court in November, 2005. The state supreme court denied review without comment on January 4, 2006. Petitioner does not allege that he sought review in the United States Supreme Court, and there is no evidence that he filed any other pleadings in state court to challenge his convictions.

Petitioner claims that he was "unable to react upon his case after the state remedies because of his confinement in state Corcoran SHOE,"[1] where he alleges that his legal materials were "misplaced" by the prison staff. (Opp'n at 2.) Petitioner asserts that he was in the SHU from April 6, 2006 until March 8, 2007. (Id.)

---

[1] The Court assumes Petitioner is referring to the Security Housing Unit (SHU) at Corcoran State Prison.

2

On May 20, 2008,[2] 867 days after the state supreme court denied his petition, and 439 days after leaving the SHU, Petitioner filed the present federal habeas petition. The petition was file stamped by the Clerk of the Court on May 30, 2008.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[2] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). May 20, 2008 is the date the federal petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. For the purposes of this discussion, the Court deems that the petition was filed on that date.

1 toward any period of limitation." Id. § 2244(d)(2).

2     Although § 2244(d) states that the limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," direct review includes the ninety-day period in which the petitioner may file for a writ of certiorari in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Therefore, Petitioner's state judgment became final on April 4, 2006. Accordingly, Petitioner was required to file his federal habeas petition no later than April 4, 2007. See § 2244(d). His petition filed on May 20, 2008, more than thirteen months after the limitations period had expired, is untimely absent either delayed commencement of the limitations period or equitable tolling.

15     Petitioner argues for delayed commencement pursuant to § 2244(d)(1)(B). Under § 2244(d)(1)(B), the statute of limitations in habeas proceedings does not begin to run until "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." To delay the commencement of the limitations period, the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007) (where petitioner did not know about AEDPA's statute of limitations, his lack of access to case law interpreting the statute of limitations is not an impediment under § 2244(d)(1)(B) because it was petitioner's lack of knowledge of

4

the statute of limitations, and not his lack of access to case law, that caused him to delay filing).

Petitioner contends that the prison staff's actions amounted to a state-created impediment to the filing of his federal habeas petition. The few cases applying § 2244(d)(1)(B) have focused almost exclusively on the conduct of state prison officials who deny inmates access to legal materials, thus interfering with their ability to prepare and file habeas petitions. See Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc); Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003). "These cases comport with the plain meaning of [§ 2244(d)(1)(B)], which applies when a petitioner has been impeded from filing a habeas petition." Shannon v. Newland, 410 F.3d 1083, 1087 (9th Cir. 2005)(emphasis in original). Nonetheless, even if Petitioner was entitled to a delayed commencement of the limitations period under § 2244(d)(1)(B), his petition would still be untimely. More than fourteen months elapsed between Petitioner's release from the SHU on March 8, 2007 and his filing of the federal habeas petition on May 20, 2008. Petitioner provides no explanation for his delay during this period, which exceeds the one year statute of limitations.

Although Petitioner rests his opposition solely on grounds of delayed commencement, the Court considers whether he is entitled to equitable tolling.

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations, not a jurisdictional bar. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds

5

by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288 (citation omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

Petitioner alleges that he was unable to file his federal habeas petition timely because he was housed in the SHU for almost a year.  His sole explanation for his claim is that the prison staff misplaced his legal materials while he was in the SHU.  This implies that he gained access to his legal materials after he left the SHU.  Thus, even if the statute of limitations were tolled for the time he was housed in the SHU, his petition would still be untimely because, as mentioned above, more than one year elapsed after he was released from the SHU.

Accordingly, the Court GRANTS Respondent's motion to dismiss the federal petition as untimely.

CONCLUSION

For the foregoing reasons,

Respondent's motion to dismiss the petition (docket no. 6) is GRANTED.   This action is DISMISSED WITH PREJUDICE.

6

The Clerk shall terminate all pending motions, enter judgment, and close the file.

This Order terminates Docket no. 6.

IT IS SO ORDERED.

DATED: 9/30/09

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY EPPS,

        Plaintiff,

  v.

MIKE EVANS et al,

        Defendant.

Case Number: CV08-02731 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Epps T-16535
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: September 30, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk